IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY PORTER,

                                Plaintiff,

       v.

DALIA SULIENE,

                                Defendant.

ORDER

09-cv-38-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 1, 2009, I dismissed plaintiff's state law claim brought under Wis. Stat. §440.30 without prejudice to plaintiff's refiling that claim after it has been properly denied by the attorney general or after 120 days have passed from the date the attorney general was served the notice of claim. Now plaintiff has filed a motion to hold his state law claim in abeyance until May 7, 2009 in order that the attorney general's office to address his notice of claim. I will deny this motion.

I understand plaintiff to be asking the court to reconsider dismissal of his state law claim and to stay that claim to allow him to proceed on it once he satisfies the requirement of § 893.82. As I previously explained to plaintiff on March 16, 2009, when an individual intends to sue a government official for acts done in her official capacity or "in the course of [her] agency or employment," Wisconsin law requires prisoners to have filed a notice of claim against the official and requires that the Attorney General disallow or reject that claim

before an individual may bring suit. Wis. Stat. § 893.82(3m); Ibrahim v. Samore, 118 Wis. 2d 720, 726, 348 N.W.2d 554, 558 (1984) ("The notice of injury statute 'is not a statute of limitation but imposes a condition precedent to the right to maintain an action.'"). Therefore, plaintiff's motion to reconsider dismissal of his state law claim will be denied.

Plaintiff should not take this to mean he cannot possibly proceed on his state law claim in the context of this lawsuit; at this point, he may not. If, however, by May 7, 2009, his claim is rejected or disallowed, he may request leave to amend his complaint under Fed. R. Civ. P. 15 to include the state law claim (attaching a copy of the amended complaint). The court will consider such a request when it is made.

## ORDER

IT IS ORDERED that plaintiff Anthony Porter's motion to hold in abeyance, dkt. #20, is DENIED.

Entered this 23rd day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge