IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY PORTER,

                                                                                    ORDER

                Plaintiff,

                                                                                    09-cv-38-vis[1]

       v.

DALIA SULIENE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights lawsuit, plaintiff Anthony Porter was given leave to proceed on his claims that defendant Dalia Suliene violated Wis. Stat. § 448.30 by injecting cortisone in his buttock without consent and that she violated his Eighth Amendment rights by refusing to authorize surgery for the lump that developed as a result of the injection. Now before the court is defendant's motion for summary judgment. I will grant that motion with respect to defendant's Eighth Amendment claim because plaintiff has failed to adduce evidence that defendant's refusal to authorize surgery amounted to "deliberate indifference." I will deny the motion with respect to plaintiff's state law claim. Instead, I will dismiss that claim without prejudice to plaintiff's refiling the claim in state court. Under the

---

[1] The parties have declined the jurisdiction of the magistrate judge. Because no Article III judge has been assigned to this case, I have assumed jurisdiction over the case temporarily to resolve the parties' current disputes.

circumstances, it is proper to decline to exercise supplemental jurisdiction over the claim.

I find the following facts to be material and undisputed.

UNDISPUTED FACTS

Plaintiff Anthony Porter suffers from Crohn's disease. On November 14, 2008, defendant Dalia Suliene examined plaintiff for pain and drainage in his rectum and perineal area, problems related to his Crohn's disease. Defendant noticed fissuring in the buttock area and prescribed injections of Depomedrol (a steroid) and Rocephin (an antibiotic). Plaintiff received at least one of the injections (he says both) in his right upper buttock.

On November 28, 2008, plaintiff was examined again. He had less drainage, but he had a lump on his right buttock that was about the size of a quarter. In defendant's opinion, the lump on plaintiff's right buttock might have been caused by the injection given on November 14, 2008 or it may have been the result of his Crohn's disease. Defendant prescribed another injection of Depomedrol, this time in plaintiff's left buttock, and Keflex (an antibiotic) for the lump and for Crohn's disease.

On December 1, 2008, plaintiff was seen by Lisa Cervantes, a physician's assistant at the University of Wisconsin Gastrointestinal Clinic, to discuss his Crohn's disease, right buttock pain and his history of diversion colitis. Plaintiff complained about the lump on his right buttock and Cervantes noted a 10 centimeter area on the buttock that was "exquisitely tender to palpitation," red, hot to the touch and firm. Cervantes recommended that

2

plaintiff's medications be continued as prescribed. Cervantes discussed the abscess with Dr. Mark Reichelderfer, who recommended that plaintiff be seen in the General Surgery Clinic as soon as possible for evaluation of "possible drainage" of the abscess.

Under the policy of the Wisconsin Department of Corrections, medical recommendations of off-site providers must be reviewed and ordered by a Department of Corrections prescribing provider (such as defendant). Defendant refused to authorize the evaluation recommended for plaintiff's abscess.

On December 12, plaintiff was seen for a followup on his abscess. The abscess was decreased and showed only a small amount of swelling. Defendant refilled plaintiff's antibiotic for ten more days. On December 15, 2008, plaintiff complained of right buttock and auxiliary pain, but no red bumps or abnormalities were seen or felt. On December 17, 2008, defendant noted that plaintiff's abscess had resolved with oral medications. On December 29, 2008, plaintiff complained of buttock pain "in the intergluteal fold with pinpoint drainage." The soft tissues were palpated on both buttocks, but no lumps were discovered. Plaintiff reported feeling better.

On January 9, 2009, plaintiff returned for a check on his buttock wounds. There was minimal drainage present in the intergluteal fold. Plaintiff reported tenderness with palpation on his right buttock as well, but defendant did not see or feel a lump. Defendant called a nurse to the exam room for a second opinion regarding the possibility of an abscess on plaintiff's right buttock. The nurse stated that she did not feel any masses or lumps.

On February 4, 2009, plaintiff was seen again by Cervantes, who noticed a small amount of tenderness and a lump on plaintiff's right buttock, but no redness or drainage. She assessed him as having an abscess on his right buttock that was "apparently healing."

OPINION

A.  Eighth Amendment

To survive summary judgment on his Eighth Amendment claim, plaintiff is required to put forth facts from which a reasonable jury could find that defendant's refusal to authorize surgery for his abscess was "deliberate indifference" to plaintiff's "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Assuming plaintiff's abscess was a "serious medical need," he still needs to show that defendant's treatment of the abscess was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (internal quotations omitted). In other words, defendant's treatment must be so far afield of accepted professional standards as to imply that it was not actually based on a medical judgment. Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 262 (7th Cir. 1996). Defendant did not disregard plaintiff's requests for care, but rather provided an alternative to surgery: antibiotics and periodic examination.

There is some question whether this treatment was the most effective: as late as February 4, 2009, Cervantes observed what she called an abscess, although she noted that

it appeared to be healing. Perhaps plaintiff is correct in his suggestion that surgery would have been more effective. (I note, however, that surgery had not yet been recommended, only an examination related to the possibility of surgery or drainage.) But that is not the question. The question is whether defendant's alternative treatment was "blatantly inappropriate." Plaintiff submitted no evidence to rebut defendant's assertion that no surgery was necessary to treat the abscess, or more important, to establish that defendant's decision to give antibiotics instead of surgery was "blatantly inappropriate." Because no reasonable jury could find that defendant acted with deliberate indifference to plaintiff's serious medical need, I will grant defendant's motion for summary judgment as to plaintiff's Eighth Amendment claim.

In his affidavit, plaintiff focuses on a February 26, 2009 visit at the UW General Surgery Clinic in which the doctor recommended examination under anesthesia to determine whether there was any "undrained sepsis." This visit and the recommended examination appear to be related to plaintiff's Crohn's disease generally, not his abscess. Even if the recommendation related to treating his abscess, it involves a new recommendation that defendant has allegedly refused to follow. Not only is that alleged refusal not a part of this case, it could not be. Plaintiff filed this lawsuit on January 21, 2009, before that incident even occurred. Before plaintiff can pursue any lawsuit related to that new incident, he must exhaust his administrative remedies with respect to that claim. Ford v. Johnson, 362 F.3d

5

395, 398 (7th Cir. 2004) (prisoners must exhaust administrative remedies *before* filing civil suit and may not complete grievance process while litigation in federal court is pending).

### B. Wis. Stat. § 448.30

The next question is what to do with plaintiff's state law claim, which involves plaintiff's claim that defendant gave him an injection on November 14, 2008 before receiving his "informed consent." (Plaintiff has abandoned his claim for lack of informed consent related to the November 28, 2008 injection, acknowledging that he never filed a notice of claim related to that incident.) Plaintiff does not suggest that grounds exist for exercising diversity jurisdiction over the case, so the only ground for jurisdiction is 28 U.S.C. § 1367, under which a court has supplemental jurisdiction over state law claims that form "part of the same case or controversy" as the federal claims.

Under § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction over state law claims once federal claims have been dismissed. Indeed, the "general rule" is that state law claims should be dismissed when all federal law claims are dismissed before trial. Wright v. Associated Insurance Companies, Inc., 29 F.3d 1244, 1251 (7th Cir. 1994). It is only in certain "unusual" circumstances that those factors will warrant retaining jurisdiction. Id.; see also Hansen v. Board of Trustees, 551 F.3d 599, 608-09 (7th Cir. 2008) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction."). It may be proper

to retain jurisdiction over state law claims under § 1367 when, for example, the statute of limitations has run on a state law claim, substantial judicial resources have been expended on the claims or resolution of the claims is clear. Wright, 29 F.3d at 1251-52; Hansen, 551 F.3d at 608-09.

None of these unusual circumstances is present in this case. There is no suggestion that the statute of limitations has run on the state law claim, which involves an incident that occurred in November 2008. Moreover, virtually no judicial resources have been expended on the claim. Finally, although defendant suggests that the claim can be resolved without difficulty because plaintiff has failed to prove that the allegedly unauthorized injection caused any injury, I disagree. Defendant acknowledges that the abscess may have been caused by either the injection or plaintiff's Crohn's disease. In light of the timing and location of the abscess with respect to the injection, a reasonable jury could find that it was the injection that caused it. Therefore, the question could be resolved only after deciding whether plaintiff gave informed consent, a question that could not be decided before trial. (Plaintiff disputes whether defendant told him about the injection before he received it.) Under these circumstances, the best approach is to leave the state law claim to the state courts. Wright, 29 F.3d at 1251. Therefore, I will decline to exercise supplemental jurisdiction over plaintiff's state law claim and dismiss that claim without prejudice to plaintiff's filing it in state court.

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendant Dalia Suliene is GRANTED with respect to plaintiff Anthony Porter's claim that defendant violated his Eighth Amendment rights by refusing to authorize surgery for an abscess and DENIED with respect to plaintiff's claim that defendant violated Wis. Stat. § 448.30. The state law claim is DISMISSED without prejudice to plaintiff's refiling the claim in state court pursuant to 28 U.S.C. § 1367.

2. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 5th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

8