IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY PORTER,

                              Plaintiff,

    v.

DALIA SULIENE,

                              Defendant.

ORDER

09-cv-38-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment was entered on February 10, 2010 in this prisoner civil rights lawsuit in favor of defendant Dalia Suliene after I granted defendant's motion for summary judgment on plaintiff's Eighth Amendment claim and declined to exercise supplemental jurisdiction over the remaining state law claim.  Now before the court is plaintiff's motion to alter or amend the judgment under Fed. R. Civ. P. 59, which will be denied.

      Plaintiff contends that it was error to grant defendant's motion for summary judgment on his Eighth Amendment claim.  That claim involved a decision by defendant to treat an abscess that had formed on plaintiff's buttock with antibiotics instead of authorizing surgery or drainage.  I concluded that plaintiff had failed to adduce evidence to support his contention that surgery was necessary to treat the abscess or that defendant's decision to treat the abscess with antibiotics instead of surgery was "blatantly inappropriate."

Plaintiff's argument is that, because a doctor had recommended "surgery" for the abscess and he continued to suffer "severe pain" after defendant refused to give him the surgery, she was deliberately indifferent to a serious medical need. First, this ignores the fact that the doctor did not recommend surgery, only examination for possible surgery or drainage. In other words, even the consulting doctor had not determined that surgery was medically appropriate. More important, there is no evidence that it was medically inappropriate for defendant to choose antibiotics over surgery or that choosing antibiotics left plaintiff in more pain. Finally, although plaintiff states in his brief that defendant "ignored" the continuing pain plaintiff suffered, he presented no evidence that she ignored any request for pain-related treatment (or that he asked specifically for such treatment). From the evidence, the only thing she may have "ignored" were plaintiff's requests to receive surgery or drainage. Although plaintiff might have preferred that treatment over antibiotics, the Eighth Amendment does not give him the right to pick and choose the treatment he desires.

ORDER

IT IS ORDERED that the motion to alter or amend the judgment filed by plaintiff

Anthony Porter, dkt. #72, is DENIED.

Entered this 5th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge